UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGI RESORT PROPERTIES, LLC, an Arizona limited liability company; and THE SCHOMAC GROUP, INC., an Arizona corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BRETT ROSSELLI, an individual; NICOLE BRUSO, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | No.   2:15-cv-02644-JAM-CMK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs filed a motion for a temporary restraining order on December 31, 2015 (Doc. #5).[1]  The Court denied Plaintiff's motion for a temporary restraining order and set a hearing to determine whether to grant Plaintiffs a preliminary injunction (Doc. #7).  Defendants filed a notice of non-opposition (Doc. #11).  Defendants indicated that they "have no opposition to the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 12, 2016.

1

entry of the Proposed Order submitted by the Plaintiffs." Notice of Non-Opposition at 1-2. Defendants also indicated that they "reserve all of their rights to oppose Plaintiffs' Application for the Restraining Order and Injunction." Id. at 2. Local Rule 230(c), however, states that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 230. Because Defendants did not oppose the motion, they cannot oppose the motion via oral argument at a hearing. Thus, the Court submitted the matter without argument (Doc. #14). Defendants indicated that they do not oppose the entry of Plaintiffs' proposed order, thus, the Court GRANTS Plaintiffs' motion for preliminary injunction consistent with the proposed order.

IT IS ORDERED THAT Defendants Brett Rosselli and Nicole Bruso, and their agents, representatives, and all persons acting in concert or participating with them are restrained and enjoined from engaging in or performing directly or indirectly any and all of the following acts during the pendency of this action:

1. Publishing, whether verbal or written, to any third-party any disparaging and/or otherwise defamatory, false statements regarding the business reputation of Plaintiffs'; their business at issue in this litigation, Nakoma Golf Resort & Spa ("Nakoma"); Nakoma's employees and management; and Dan Gallagher.

2. Utilizing, disseminating, using, copying, transmitting, or publishing any of Plaintiffs' and Nakoma's "Confidential Business Information" and/or trade secrets, including without

1  limitation, pricing information, cost of materials information,
2  strategic and marketing plans, financial management information,
3  operating policies, vendor files with information including
4  vendor contact information, vendor ordering needs and
5  requirements, and other business procedures customized for its
6  operation as a popular gold resort and spa and special event
7  hosting location.
8       3.   Interfering with the existing or prospective business
9  relationships and contracts of Nakoma and/or Plaintiffs.
10      4.   Plaintiffs are not required to post bond.
11      For the reasons set forth above, the Court GRANTS
12 Plaintiffs' motion for a preliminary injunction:
13      IT IS SO ORDERED.
14 Dated: January 11, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3