**GREGG W. KOECHLEIN, ESQ.,** SBN 115942
581 Ridge Street
Reno, NV 89501
Telephone: (775) 224-4700
Facsimile: (775) 622-9548
Electronic Mail: synergsm@concentric.net

Attorney for Brett Rosselli and
Nicole Bruso

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

Case No.: 2:15-cv-02644-JAM-CMK

SGI RESORT PROPERTIES, LLC, an Arizona
Limited Liability Company; THE SCHOMAC
GROUP, INC., an Arizona Corporation,

            Plaintiffs,

            v.

BRETT ROSSELLI, an individual; NICOLE
BRUSO, an individual; and DOES 1 through
20, inclusive,

            Defendants.
_____/

BRETT ROSSELLI, an individual and NICOLE
BRUSO, an individual,

            Cross Claimants,

            v.

SGI RESORT PROPERTIES, LLC, an Arizona
Limited Liability Company; THE SCHOMAC
GROUP, INC., an Arizona Corporation,

            Cross Defendants.
_____/

**DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT;
DEFENDANTS' CROSS COMPLAINT
FOR DAMAGES**

1

Answer / Cross Complaint

Comes now Defendants BRETT ROSSELLI (individually, "Rosselli") and NICOLE BRUSO (individually, "BRUSO"), and (collectively, the "Defendants") by and through their attorney Gregg W. Koechlein, who hereby answer the Complaint (the "Complaint") of SGI RESORT PROPERTIES, LLC, an Arizona Limited Liability Company and THE SCHOMAC GROUP, INC., an Arizona Corporation (collectively, the "Plaintiffs") as follows.

1. The Defendants admit the allegations of Paragraph 1 of the Complaint.

2. The Defendants deny the allegations of Paragraph 2 of the Complaint.

3. The Defendants admit the allegations of Paragraph 3 of the Complaint.

4. The Defendants deny the allegations of Paragraph 4 of the Complaint.

5. The Defendants are without sufficient information to answer the allegations of Paragraph 5 of the Complaint and, on the basis, deny the allegations of Paragraph 5 of the Complaint.

6. The Defendants are without sufficient information to answer the allegations of Paragraph 6 of the Complaint and, on the basis, deny the allegations of Paragraph 6 of the Complaint.

7. The Defendants partially deny the allegations of Paragraph 7 of the Complaint as to the residency of Rosselli. The Defendants partially admit the allegations of Paragraph 7 of the Complaint as to the age of Rosselli.

8. The Defendants partially deny the allegations of Paragraph 7 of the Complaint as to the residency of Bruso. The Defendants partially admit the allegations of Paragraph 7 of the Complaint as to the age of Bruso.

9. The Defendants deny the allegations of Paragraph 9 of the Complaint.

2

Answer / Cross Complaint

10.  The Defendants deny the allegations of Paragraph 10 of the Complaint.

11. The Defendants admit the allegations of Paragraph 11 of the Complaint.

12.  The Defendants admit the allegations of Paragraph 12 of the Complaint.

13.  The Defendants admit the allegations of Paragraph 13 of the Complaint.

14.  The Defendants are without sufficient information to answer the allegations of Paragraph 14 of the Complaint and, on the basis, deny the allegations of Paragraph 14 of the Complaint.

15.  The Defendants are without sufficient information to answer the allegations of Paragraph 15 of the Complaint and, on the basis, deny the allegations of Paragraph 15 of the Complaint.

16.  The Defendants are without sufficient information to answer the allegations of Paragraph 16 of the Complaint and, on the basis, deny the allegations of Paragraph 16 of the Complaint.

17.  The Defendants are without sufficient information to answer the allegations of Paragraph 17 of the Complaint and, on the basis, deny the allegations of Paragraph 17 of the Complaint.

18.  The Defendants are without sufficient information to answer the allegations of Paragraph 18 of the Complaint and, on the basis, deny the allegations of Paragraph 18 of the Complaint.

19.  The Defendants admit the allegations of Paragraph 19 of the Complaint.

20.  The Defendants deny the allegations of Paragraph 20 of the Complaint.

21.  The Defendants admit the allegations of Paragraph 21 of the Complaint.

Answer / Cross Complaint

22.  The Defendants deny the allegations of Paragraph 22 of the Complaint.

23.  The Defendants are without sufficient information to answer the allegations of Paragraph 23 of the Complaint and, on the basis, deny the allegations of Paragraph 23 of the Complaint.

24.  The Defendants are without sufficient information to answer the allegations of Paragraph 24 of the Complaint and, on the basis, deny the allegations of Paragraph 24 of the Complaint.

25.  The Defendants are without sufficient information to answer the allegations of Paragraph 25 of the Complaint and, on the basis, deny the allegations of Paragraph 25 of the Complaint.

26.  The Defendants are without sufficient information to answer the allegations of Paragraph 26 of the Complaint and, on the basis, deny the allegations of Paragraph 26 of the Complaint.

27.  The Defendants are without sufficient information to answer the allegations of Paragraph 27 of the Complaint and, on the basis, deny the allegations of Paragraph 27 of the Complaint.

28.  The Defendants are without sufficient information to answer the allegations of Paragraph 28 of the Complaint and, on the basis, deny the allegations of Paragraph 28 of the Complaint.

29.  The Defendants deny the allegations of Paragraph 29 of the Complaint.

30.  The Defendants deny the allegations of Paragraph 30 of the Complaint.

31.  The Defendants are without sufficient information to answer the allegations of

Answer / Cross Complaint

Paragraph 31 of the Complaint and, on the basis, deny the allegations of Paragraph 31 of the Complaint.

32. The Defendants reincorporate and reallege their answers to Paragraphs 1 to 31 of the Complaint in answer to the allegations of Paragraph 32 of the Complaint.

33. The Defendants deny the allegations of Paragraph 33 of the Complaint.

34. The Defendants deny the allegations of Paragraph 34 of the Complaint.

35. The Defendants deny the allegations of Paragraph 35 of the Complaint.

36. The Defendants deny the allegations of Paragraph 36 of the Complaint.

37. The Defendants deny the allegations of Paragraph 37 of the Complaint.

38. The Defendants reincorporate and reallege their answers to Paragraphs 1 to 37 of the Complaint in answer to the allegations of Paragraph 38 of the Complaint.

39. The Defendants deny the allegations of Paragraph 39 of the Complaint.

40. The Defendants deny the allegations of Paragraph 40 of the Complaint.

41. The Defendants deny the allegations of Paragraph 41 of the Complaint.

42. The Defendants deny the allegations of Paragraph 42 of the Complaint.

43. The Defendants deny the allegations of Paragraph 43 of the Complaint.

44. The Defendants deny the allegations of Paragraph 44 of the Complaint.

45. The Defendants reincorporate and reallege their answers to Paragraphs 1 to 44 of the Complaint in answer to the allegations of Paragraph 45 of the Complaint.

46. The Defendants deny the allegations of Paragraph 46 of the Complaint.

47. The Defendants deny the allegations of Paragraph 47 of the Complaint.

48. The Defendants deny the allegations of Paragraph 48 of the Complaint.

Answer / Cross Complaint

49.  The Defendants deny the allegations of Paragraph 49 of the Complaint.

50.  The Defendants deny the allegations of Paragraph 50 of the Complaint.

51.  The Defendants deny the allegations of Paragraph 51 of the Complaint.

52.  The Defendants deny the allegations of Paragraph 52 of the Complaint.

53.  The Defendants deny the allegations of Paragraph 53 of the Complaint.

54.  The Defendants deny the allegations of Paragraph 54 of the Complaint.

55.  The Defendants deny the allegations of Paragraph 55 of the Complaint.

56.  The Defendants reincorporate and reallege their answers to Paragraphs 1 to 55 of the Complaint in answer to the allegations of Paragraph 56 of the Complaint.

57.  The Defendants deny the allegations of Paragraph 57 of the Complaint.

58.  The Defendants deny the allegations of Paragraph 58 of the Complaint.

59.  The Defendants deny the allegations of Paragraph 59 of the Complaint.

60.  The Defendants deny the allegations of Paragraph 60 of the Complaint.

61.  The Defendants deny the allegations of Paragraph 61 of the Complaint.

62.  The Defendants reincorporate and reallege their answers to Paragraphs 1 to 61 of the Complaint in answer to the allegations of Paragraph 62 of the Complaint.

63.  The Defendants deny the allegations of Paragraph 63 of the Complaint.

64.  The Defendants deny the allegations of Paragraph 64 of the Complaint.

65.  The Defendants deny the allegations of Paragraph 65 of the Complaint.

66.   The Defendants reincorporate and reallege their answers to Paragraphs 1 to 65 of the Complaint in answer to the allegations of Paragraph 66 of the Complaint.

67.  The Defendants deny the allegations of Paragraph 67 of the Complaint.

Answer / Cross Complaint

68.  The Defendants deny the allegations of Paragraph 68 of the Complaint.

69.  The Defendants deny the allegations of Paragraph 69 of the Complaint.

70.  The Defendants deny the allegations of Paragraph 70 of the Complaint.

71.  The Defendants deny the allegations of Paragraph 71 of the Complaint.

72.  The Defendants deny the allegations of Paragraph 72 of the Complaint.

73.  The Defendants deny the allegations of Paragraph 73 of the Complaint.

74.  The Defendants deny the allegations of Paragraph 74 of the Complaint.

75.  The Defendants deny the allegations of Paragraph 75 of the Complaint.

76.  The Defendants reincorporate and reallege their answers to Paragraphs 1 to 75 of the Complaint in answer to the allegations of Paragraph 76 of the Complaint.

77.  The Defendants deny the allegations of Paragraph 77 of the Complaint.

78.  The Defendants deny the allegations of Paragraph 78 of the Complaint.

79.  The Defendants deny the allegations of Paragraph 79 of the Complaint.

80.  The Defendants deny the allegations of Paragraph 80 of the Complaint.

81.  The Defendants deny the allegations of Paragraph 81 of the Complaint.

82.  The Defendants deny the allegations of Paragraph 82 of the Complaint.

83.  The Defendants reincorporate and reallege their answers to Paragraphs 1 to 82 of the Complaint in answer to the allegations of Paragraph 83 of the Complaint.

84.  The Defendants deny the allegations of Paragraph 84 of the Complaint.

85.  The Defendants deny the allegations of Paragraph 85 of the Complaint.

86.  The Defendants deny the allegations of Paragraph 86 of the Complaint.

////

Answer / Cross Complaint

### FIRST AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as Plaintiff has failed, refused or neglected to take reasonable steps to mitigate its damages, therefore barring or diminishing its ability to recover.

### THIRD AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as Plaintiff's alleged injuries are the proximate result of superseding and intervening acts for which the Defendants are not liable.

### FOURTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the Defendants are not legally responsible for the acts and/or omissions of other third parties.

### FIFTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the Plaintiff has not suffered any actual damages.

### SIXTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the Plaintiff has only alleged prosepective damages.

////

Answer / Cross Complaint

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Any statement or statements made by Rosselli or Bruso regarding the Plaintiffs are true and correct.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

All possible affirmative defenses may not have been alleged in as much as insufficient facts and other relevant information may not be available after reasonable inquiry and the Defendants hereby reserve the right to amend these affirmative defenses as additional information becomes available to the Defendants.

WHEREFORE, Defendants Brett Rosselli and Nicole Bruso pray for judgment against Plaintiffs SGI Resort Properties, LLC and The Schomac Group, Inc. as follows.

1. Plaintiffs take nothing by way of their Complaint;

2. For an award of their attorney's fees;

3. For an award of their costs of suit; and

4. Any and all other relief that the Court deems appropriate.

Answer / Cross Complaint

## CROSS COMPLAINT FOR DAMAGES

Comes now Cross Claimants BRETT ROSSLLI (individually, "Rosselli"); and NICOLE BRUSO (individually, "Bruso") and (collectively, the "Cross Claimants"), by and through their attorney Gregg W. Koechlein, as and for their Cross Complaint against  SGI RESORT PROPERTIES, LLC (individually, "SGI") and THE SCHOMAC GROUP, INC. (individually, "Schomac") and (collectively, the "Cross Defendants") and allege follows.

## I. PARTIES

1.  Rosselli is an individual and resident of the State of Nevada.

2.  Bruso is an individual and resident of the State of Nevada.

3.   SGI is an Arizona Limited Liability Company doing business in the State of California.

4.  Schomac is an Arizona Corporation doing business in the State of California.

5.  SGI and Schomac own and operate a property in Clio, California known as Nakoma Golf Resort & Spa ("Nakoma").

## II. JURISDICTION AND VENUE

6.   Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction because this controversy is between citizens of different states and the amount in controversy, as alleged by the Cross Defendants, exceeds $75,000.00.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction for related claims under the laws of the State of California.

Answer / Cross Complaint

7.  Pursuant to 28 U.S.C. § 1391 (b), venue is proper in the United States District Court for the Eastern District of California.  All Cross Claimants have transacted business in this District and have submitted to the jurisdiction and venue of this Court.  Cross Defendants are the Plaintiffs in the action underlying this Cross Complaint and thus have submitted to the jurisdiction and venue of this Court.

### III.  GENERAL ALLEGATIONS

8.  On, or about, March 25, 2015 Rosselli answered an ad on Craigslist placed by the Cross Defendants and Nakoma.

9.  In response to Rosselli's answer to this ad, Rosselli traveled to Clio, California and performed certain consulting services.  This was for a period of time from March 29, 2015 to April 8, 2015.

10.  While Rosselli was in Hawaii beginning on April 21, 2015, Rosselli had numerous conversations with the management of Nakoma in which the parties discussed the terms of Rosselli's soon to come employment with the Cross Defendants and Nakoma.  These terms includd such things as compensation, medical insurance, quarterly bonuses and reimbursement of relocation expenses from both Vermont and Las Vegas, Nevada.

11.  Rosselli arrived at Nakoma on, or about, May 10, 2015 and promptly began his duties related to the restaurants, spa and hotel facility located at the Nakoma property.  This employment terminated, without notice, on December 15, 2015.

11                        Answer / Cross Complaint

12.   Bruso arrived shortly thereafter and was also offered employment by Nakoma and started such employment on, or about, July 5, 2015.  This employment terminated on November 19, 2015.

13.   Initially Rosselli and Bruso were housed at a property known as Long Valley Resort. Subsequently, in late August of 2015, they were moved to house on the property of the Nakoma resort.

14.   Rosselli and Bruso stored some of their personal property at another location owned by the Cross Defendants known as the Feather River Resort or the Long Valley Resort.

15.   In the course of assisting with the opening of the new hotel property at Nakoma, Rosselli was forced to incur personal credit card expenses in order to obtain certain items that were needed by way of ordering from online vendors.  For a period of time these expenses were reimbursed in a timely manner for all such expenses.  Beginning in September of 2015, these timely reimbursements ceased and some reimbursements were not made at all even though Rosselli submitted requests for reimbursement.

16.   On, or about, December 8, 2015, Rosselli suufered an injury on the job and filed a claim for workers compensation.

17.   Under the guidance of Rosselli, the overall profitability of the Nakoma property was greatly improved from a substantial loss to a break even situation.

### IV.  FIRST CAUSE OF ACTION (CONVERSION)

18.  Cross Claimants refer to Paragraphs 1 to 17 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

Answer / Cross Complaint

19.  On, or about, August 19, 2015, Rosselli purchased $1,100.70 worth of hair dryers from the American Hotel Register Company to be used in the new hotel property at Nakoma. These items were paid for with the personal credit card of Rosselli.

20.  On, or about, August 20, 2015, Rosselli purchased $1,377.31 worth of  hotel room wastebaskets and hotel tissue box coverss from the Webstaurant Store to be used in the new hotel property at Nakoma.  These items were paid for with the personal credit card of Rosselli.

21. Cross Claimants are informed and believe and thereon allege that all of the items described in Paragraphs 19 and 20 are currently being used by Cross Defendants for their benefit at the new hotel property at Nakoma.

22.  Although Rosselli has requested reimbursement for the expenses incurred for the benefit of the Cross Defendants, the Cross Defendants have refused to tender such reimbursement and have retained possession of all of said hair dryers, hotel wastebaskets and hotel tissue box covers.  Since Rosselli has never been reimbursed for these items, these items are still the rightful property of Rosselli.

23.  On, or about, July 1, 2015 Rosselli and Bruso placed certain items of their personal property at a property owned by Cross Defendants known as the Feather River Resort or the Long Valley Resort.  Said items being a bed with mattress and frame, stereo equipment including a receiver and speaker, various tools, recliner chair, two dog travelling cases, a large wire pet kennel and a small love seat/couch.  Despite the requests of Cross Claimants, the Cross Defendants continue to retain possession of these items of personal property.

Answer / Cross Complaint

24.   As a proximate result of the Cross Defendants' wrongful conversion of the Cross Claimants' personal property and the property purchased by Rosselli, the Cross Claimants have suffered monetary damages and the loss of the use of their personal property.

25.   The acts of the Cross Defendants are wilful, wanton, malicious and oppressive and were undertaken with the intent to defraud and justify the awarding of exemplary and punitive damages.

26.   Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

## SECOND CAUSE OF ACTION (UNJUST ENRICHMENT)

27.   Cross Claimants refer to Paragraphs 1 to 26 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

28.   As a proximate result of the conduct of the Cross Defendants described in Paragraphs 19 to 22, above, the Cross Defendants have been unjustly enriched at the expense of Cross Claimants.

29.   The Cross Defendants should be required to disgorge all momnies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of the Cross Claimants and a constructive trust should be imposed thereon for the benefit of the Cross Defendants.

30.  The acts of the Cross Defendants are wilful, wanton, malicious and oppressive and were undertaken with the intent to defraud and justify the awarding of exemplary and punitive damages.

Answer / Cross Complaint

31.   Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

### THIRD CAUSE OF ACTION (DEFAMATION)

32.   Cross Claimants refer to Paragraphs 1 to 31 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

33.   Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives have been making false and malicious statements regarding the character and professional competence of Rosselli to various vendors, employees and ex-employees of the Cross Defendants with the intent to damage the reputation of Rosselli.

34.   At the time that the Cross Defendants and their officers, employees, agents and representatives made such statements regarding Rosselli, the Cross Defendants and their officers, employees, agents and representatives knew such statements were false.

35.   Cross Claimants are informed and believe and thereon allege that the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives were understood by the recipients to be regarding Rosselli.

36.   As a proximate result of the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered loss of reputation and personal harm.

Answer / Cross Complaint

37. The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to harm Rosselli and justify the awarding of exemplary and punitive damages.

38. Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION (SLANDER)

39. Cross Claimants refer to Paragraphs 1 to 38 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

40. Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives have been making false and malicious statements regarding the character and professional competence of Rosselli to various vendors, employees and ex-employees of the Cross Defendants with the intent to damage the reputation of Rosselli.

41. At the time that the Cross Defendants and their officers, employees, agents and representatives made such statements regarding Rosselli, the Cross Defendants and their officers, employees, agents and representatives knew such statements were false.

42. Cross Claimants are informed and believe and thereon allege that the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives were understood by the recipients to be regarding Rosselli.

Answer / Cross Complaint

43.   As a proximate result of the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered loss of reputation and personal harm.

44.   The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to harm Rosselli and justify the awarding of exemplary and punitive damages.

45.   Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

### FIFTH CAUSE OF ACTION (TRADE LIBEL)

46.   Cross Claimants refer to Paragraphs 1 to 45 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

47.   Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives have been publishing false and malicious statements by way of electronic mail regarding the character and professional competence of Rosselli to various vendors, employees and ex-employees of the Cross Defendants with the intent to damage the reputation of Rosselli.

48.   At the time that the Cross Defendants and their officers, employees, agents and representatives made such statements regarding Rosselli, the Cross Defendants and their officers, employees, agents and representatives knew such statements were false.

Answer / Cross Complaint

49.   Cross Claimants are informed and believe and thereon allege that the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives were understood by the recipients to be regarding Rosselli.

50.   As a proximate result of the false and malicious statements made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered loss of reputation and personal harm.

51.   The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to harm Rosselli and justify the awarding of exemplary and punitive damages.

52.   Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION (FRAUD)

53.   Cross Claimants refer to Paragraphs 1 to 52 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

54.   Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly, willfully and falsely represented and promised to Rosselli that his moving expenses would be fully reimbursed.

55.   Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly, willfully and falsely represented and promised to Rosselli that he would be fully

Answer / Cross Complaint

reimbursed for monies expended by Rosselli for the benefit of the Cross Defendants and Nakoma.

56. These promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and each of them were false. The true facts were that the Cross Defendants had no intention of fully reimbursing Rosselli for his moving expenses and his expenditures made for the benefit of the Cross Defendants and Nakoma.

57. Rosselli, at the time these promises and representations were made by the Cross Defendants and their officers, employees, agents and representatives, was ignorant of the falsity of these promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and believed them to be true.

58. As a proximate result of the false promises and representations made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered monetary losses.

59. The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to deceive and monetarily harm Rosselli and justify the awarding of exemplary and punitive damages.

60. Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

////

////

Answer / Cross Complaint

## SEVENTH CAUSE OF ACTION (INTENTIONAL MISREPRESENTATION)

61.  Cross Claimants refer to Paragraphs 1 to 60 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

62.  Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and intentionally represented and promised to Rosselli that his moving expenses would be fully reimbursed.

63.  Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and intentionally represented and promised to Rosselli that he would be fully reimbursed for monies expended by Rosselli for the benefit of the Cross Defendants and Nakoma.

64. These promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and each of them were false and were made with the express intent to deceive Rosselli.  The true facts were that the Cross Defendants had no intention of fully reimbursing Rosselli for his moving expenses and his expenditures made for the benefit of the Cross Defendants and Nakoma.

65. Rosselli, at the time these promises and representations were made by the Cross Defendants and their officers, employees, agents and representatives, was ignorant of the falsity of these promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and believed them to be true.

Answer / Cross Complaint

66.  As a proximate result of the false promises and representations made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered monetary losses.

67.  The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to deceive and monetarily harm Rosselli and justify the awarding of exemplary and punitive damages.

68.  Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

### EIGHTH CAUSE OF ACTION (DETRIMENTAL RELIANCE)

69.  Cross Claimants refer to Paragraphs 1 to 68 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

70.  Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and intentionally represented and promised to Rosselli that his moving expenses would be fully reimbursed.

71.  Beginning in April of 2015 and continuing through December of 2015, the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and intentionally represented and promised to Rosselli that he would be fully reimbursed for monies expended by Rosselli for the benefit of the Cross Defendants and Nakoma.

Answer / Cross Complaint

72. These promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and each of them were false and were made with the express intent to deceive Rosselli and to cause him to rely on such promises and representations made by the Cross Defendants and their officers, employees, agents and representatives. The true facts were that the Cross Defendants had no intention of fully reimbursing Rosselli for his moving expenses and his expenditures made for the benefit of the Cross Defendants and Nakoma.

73. Rosselli, at the time these promises and representations were made by the Cross Defendants and their officers, employees, agents and representatives, was ignorant of the falsity of these promises and representations made by the Cross Defendants and their officers, employees, agents and representatives and believed them to be true and thus he relied on them and continued to expend his personal funds for the benefit of the Cross Defendants and Nakoma.

74. As a proximate result of the false promises and representations made by the Cross Defendants and their officers, employees, agents and representatives, Rosselli has suffered monetary losses.

75. The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the express intent to deceive and monetarily harm Rosselli and justify the awarding of exemplary and punitive damages.

76. Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

Answer / Cross Complaint

## NINTH CAUSE OF ACTION (CIVIL CONSPIRACY)

77.  Cross Claimants refer to Paragraphs 1 to 76 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

78.  Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and willfully conspired and agreed among themselves to harm the character and reputation of Rosselli.

79.  Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and willfully conspired and agreed among themselves to convert the personal property of Rosselli and Bruso.

80.  Cross Claimants are informed and believe and thereon allege that the Cross Defendants and their officers, employees, agents and representatives and each of them knowingly and willfully conspired and agreed among themselves to make promises and representations that were detrimentally relied upon by Rosselli and Bruso.

81.  As a proximate result of the acts the Cross Defendants and their officers, employees, agents and representatives, Rosselli and Bruso have suffered loss of reputation, loss of the use of their personal property and monetary damages due to the Cross Claimants' detrimental reliance on the false and misleading promises and representations  made to the Cross Claimants.

82.  The acts of the Cross Defendants and their officers, employees, agents and representatives are wilful, wanton, malicious and oppressive and were undertaken with the

Answer / Cross Complaint

express intent to harm Rosselli and Bruso and justify the awarding of exemplary and punitive damages.

83.   Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

## TENTH CAUSE OF ACTION (WRONGFUL TERMINATION)

84.   Cross Claimants refer to Paragraphs 1 to 83 of the Cross Complaint and incorporate and re-allege each of them as though each was fully set forth herein.

85.   On May 10, 2015 the Cross Defendants and Nakoma hired Rosselli under the terms of an oral and implied oral contract.  At this time Rosselli was led to believe that his employment was to be on a year round basis.  The truth of the matter was that the Cross Defendants had no such intention and intended to terminate him at the beginning of the slow season.

86.   After Rosselli was hired, he undertook his job and duly and satisfactorily performed all of the conditions of his employment.

87.   On December 8, 2015, Rosselli suffered an on the job injury which occurred while he was performing his duties and rightfully made a workers compensation claim.

88.   During the time of his employment, Rosselli became aware of the ongoing practices of the Cross Defendants and Nakoma to employ and compensate undocumented workers contrary to the laws of the United States and the State of California.

89.   On numerous occassions, Rosselli voiced his concerns regarding these illegal employment practices to the officers and managers of the Cross Defendants and Nakoma.

Answer / Cross Complaint

90.  On December 15, 2015, the Cross Defendants and Nakoma wrongfully terminated Rosselli for false and defamatory reasons in retaliation for the filing of a valid workers compensation claim and for his expressions of concern in regards to the illegal employment practices of the Cross Defendants and Nakoma.

91. At the time of his termination, Rosselli was ready, willing and able to perform all of the conditions of the oral and implied oral contract made by and between Rosselli and the Cross Defendants and Nakoma.

92.  As a proximate result of the acts the Cross Defendants and Nakoma, Rosselli has suffered and continues to suffer losses in earnings.

93. The acts of the Cross Defendants and Nakoma are wilful, wanton, malicious and oppressive and were undertaken with the express intent to harm Rosselli and justify the awarding of exemplary and punitive damages.

94.  Wherefore, the Cross Claimants request damages together with exemplary and punitive damages in amounts to be proven at trial.

WHEREFORE, Cross Claimants Brett Rosselli and Nicole Bruso pray for judgment against Cross Defendants SGI Resort Properties, LLC and The Schomac Group, Inc. as follows.

1. Judgment in favor of Cross Claimants Brett Rosselli and Nicole Bruso on all Causes of Action alleged herein;

2. For an award of compensatory damages;

3. For an award of exemplary and punitive damages;

Answer / Cross Complaint

4.  For an award of their attorney's fees;

5.  For an award of their costs of suit; and

6.  Any and all other relief that the Court deems appropriate.


Dated:  March 4, 2016                                    By: /s/ Gregg W. Koechlein
                                                         GREGG W. KOECHLEIN
                                                         Attorney for Brett Rosselli and
                                                         Nicole Bruso

Answer / Cross Complaint

<u>CERTIFICATE OF SERVICE</u>

I am a resident of the United States and employed in the County of Washoe, State of Nevada.  I am over the age of eighteen (18) years of age and not a party to the within action; my business address is 581 Ridge Street, Reno, Nevada 89501.

On March 4, 2016, I served the:

**DEFENDANTS' ANSWER TO THE COMPLAINT OF THE PLAINTIFFS AND DEFENDANTS' CROSS COMPLAINT AGAINST THE PLAINTIFFS**

[ X ]  All counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (Defendants' Answer to the Complaint of Plaintiffs and Defendants' Cross Complaint Against the Plaintiffs) and all supporting documents thereto via the Court's CM/ECF system per Local Rule. Any other counsel of record will be served by facsimile transmission and first class mail, return receipt requested.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Certificate was executed on March 4, 2016 at Reno, Nevada.


By: /s/ Gregg W. Koechlein
    GREGG W. KOECHLEIN

Answer / Cross Complaint