Alden J. Parker, State Bar No. 196808
E-mail: aparker@weintraub.com
Daniel C. Kim, State Bar No. 272680
E-mail: dkim@weintraub.com
**weintraub tobin** chediak coleman grodin
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs and Cross-Defendants,
SGI RESORT PROPERTIES, LLC and
THE SCHOMAC GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SGI RESORT PROPERTIES, LLC, an Arizona limited liability company; and THE SCHOMAC GROUP, INC., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BRETT ROSSELLI, an individual; NICOLE BRUSO, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:15-cv-02644-JAM-CMK<br><br>**ANSWER TO DEFENDANTS' CROSS COMPLAINT FOR DAMAGES** |
| BRETT ROSSELLI, an individual and NICOLE BRUSO, an individual,<br><br>Cross-Claimants,<br><br>vs.<br><br>SGI RESORT PROPERTIES, LLC, an Arizona Limited Liability Company; THE SCHOMAC GROUP, INC., an Arizona corporation,<br><br>Cross-Defendants. | |

Plaintiffs and Cross-Defendants SGI RESORT PROPERTIES, LLC ("SGI") and THE SCHOMAC GROUP ("SCHOMAC") (collectively, "Cross-Defendants") hereby respond to and answer Defendants and Cross-Claimants BRETT ROSSELLI's ("Rosselli") and NICOLE BRUSO's ("Bruso," and collectively, "Cross-Claimants") Cross-Complaint for Damages against Plaintiffs ("Cross-Complaint") as follows:

1.  Answering the allegations in paragraph 1, Cross-Defendants lack information and belief sufficient to admit or deny the allegations in paragraph 1 of the Cross-Complaint and on that basis deny them.

2.  Answering the allegations in paragraph 2, Cross-Defendants lack information and belief sufficient to admit or deny the allegations in paragraph 2 of the Cross-Complaint and on that basis deny them.

3.  Answering the allegations in paragraph 3, Cross-Defendants admit that SGI is an Arizona Limited Liability Company doing business in the State of California.

4.  Answering the allegations in paragraph 4, Cross-Defendants admit that SCHOMAC is an Arizona Corporation doing business in the State of California.

5.  Answering the allegations in paragraph 5, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

6.  Answering the allegations in paragraph 6, Cross-Defendants admit the allegations therein.

7.  Answering the allegations in paragraph 7, Cross-Defendants admit the allegations therein.

8.  Answering the allegations in paragraph 8, Cross-Defendants lack information and belief sufficient to admit or deny the allegations in paragraph 8 of the Cross-Complaint and on that basis deny them.

9.  Answering the allegations in paragraph 9, Cross-Defendants admit that Rosselli traveled to Clio, California from about March 29, 2015 to April 8, 2015. Cross-Defendants deny all other allegations in paragraph 9 of the Cross-Complaint.

///

10. Answering the allegations in paragraph 10, Cross-Defendants admit that in the months preceding Rosselli's employment, Nakoma management and Rosselli had conversations regarding the various terms of his potential employment. Cross-Defendants deny all other allegations in paragraph 10 of the Cross-Complaint.

11. Answering the allegations in paragraph 11, Cross-Defendants admit that Rosselli was hired on or about May 10, 2015 and was terminated on December 15, 2015. Cross-Defendants deny all other allegations in paragraph 11 of the Cross-Complaint.

12. Answering the allegations in paragraph 12, Cross-Defendants admit that Bruso was hired on or about July 10, 2015 and was terminated on or about November 20, 2015. Cross-Defendants deny all other allegations in paragraph 12 of the Cross-Complaint.

13. Answering the allegations in paragraph 13, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

14. Answering the allegations in paragraph 14, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

15. Answering the allegations in paragraph 15, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

16. Answering the allegations in paragraph 16, Cross-Defendants admit that Rosselli filed a claim for workers' compensation based on an injury that allegedly occurred on December 8, 2015. Cross-Defendants deny all other allegations in paragraph 16 of the Cross-Complaint.

17. Answering the allegations in paragraph 17, Cross-Defendants deny all allegations therein.

### FIRST CLAIM FOR RELIEF (CONVERSION)

18. Answering the allegations in paragraph 18, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 17 of this Answer as thought fully set forth herein.

19. Answering the allegations in paragraph 19, on information and belief, Cross-Defendants admit the allegations therein.

20. Answering the allegations in paragraph 20, on information and belief, Cross-Defendants admit the allegations therein.

21. Answering the allegations in paragraph 21, Cross-Defendants admit the allegations therein.

22. Answering the allegations in paragraph 22, Cross-Defendants admit that Rosselli requested reimbursement of the expenses identified in paragraphs 19 and 20. Cross-Defendants further admit that they are still in possession of the property identified in paragraphs 19 and 20. Cross-Defendants, however, reimbursed Rosselli in a check that was issued on August 31, 2015, Check No. 11455. Cross-Defendants deny all other allegations in paragraph 22 of the Cross-Complaint.

23. Answering the allegations in paragraph 23, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

24. Answering the allegations in paragraph 24, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

25. Answering the allegations in paragraph 25, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

26. Answering the allegations in paragraph 26, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### SECOND CLAIM FOR RELIEF (UNJUST ENRICHMENT)

27. Answering the allegations in paragraph 27, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 26 of this Answer as thought fully set forth herein.

28. Answering the allegations in paragraph 28, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

29. Answering the allegations in paragraph 29, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

30. Answering the allegations in paragraph 30, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

31. Answering the allegations in paragraph 31, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### THIRD CLAIM FOR RELIEF (DEFAMATION)

32. Answering the allegations in paragraph 32, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 31 of this Answer as thought fully set forth herein.

33. Answering the allegations in paragraph 33, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

34. Answering the allegations in paragraph 34, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

35. Answering the allegations in paragraph 35, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

36. Answering the allegations in paragraph 36, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

37. Answering the allegations in paragraph 37, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

38. Answering the allegations in paragraph 38, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### FOURTH CLAIM FOR RELIEF (SLANDER)

39. Answering the allegations in paragraph 39, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 38 of this Answer as thought fully set forth herein.

40. Answering the allegations in paragraph 40, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

41. Answering the allegations in paragraph 41, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

42. Answering the allegations in paragraph 42, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

43. Answering the allegations in paragraph 43, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

44. Answering the allegations in paragraph 44, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

45. Answering the allegations in paragraph 45, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

## FIFTH CLAIM FOR RELIEF (TRADE LIBEL)

46. Answering the allegations in paragraph 46, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 46 of this Answer as thought fully set forth herein.

47. Answering the allegations in paragraph 47, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

48. Answering the allegations in paragraph 48, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

49. Answering the allegations in paragraph 49, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

50. Answering the allegations in paragraph 50, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

51. Answering the allegations in paragraph 51, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

52. Answering the allegations in paragraph 52, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

## SIXTH CLAIM FOR RELIEF (FRAUD)

53. Answering the allegations in paragraph 53, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 52 of this Answer as thought fully set forth herein.

54. Answering the allegations in paragraph 54, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

55. Answering the allegations in paragraph 55, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

56. Answering the allegations in paragraph 56, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

57. Answering the allegations in paragraph 57, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

58. Answering the allegations in paragraph 58, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

59. Answering the allegations in paragraph 59, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

60. Answering the allegations in paragraph 60, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

## SEVENTH CLAIM FOR RELIEF (INTENTIONAL MISREPRESENTATION)

61. Answering the allegations in paragraph 61, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 60 of this Answer as thought fully set forth herein.

62. Answering the allegations in paragraph 62, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

63. Answering the allegations in paragraph 63, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

64. Answering the allegations in paragraph 64, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

65. Answering the allegations in paragraph 65, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

66. Answering the allegations in paragraph 66, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

67. Answering the allegations in paragraph 67, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

68. Answering the allegations in paragraph 68, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### EIGHTH CLAIM FOR RELIEF (DETRIMENTAL RELIANCE)

69. Answering the allegations in paragraph 69, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 68 of this Answer as thought fully set forth herein.

70. Answering the allegations in paragraph 70, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

71. Answering the allegations in paragraph 71, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

72. Answering the allegations in paragraph 72, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

73. Answering the allegations in paragraph 73, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

74. Answering the allegations in paragraph 74, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

75. Answering the allegations in paragraph 75, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

76. Answering the allegations in paragraph 76, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### NINTH CLAIM FOR RELIEF (CIVIL CONSPIRACY)

77. Answering the allegations in paragraph 77, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 76 of this Answer as thought fully set forth herein.

78. Answering the allegations in paragraph 78, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

79. Answering the allegations in paragraph 79, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

weintraub tobin chediak coleman grodin
law corporation

80. Answering the allegations in paragraph 80, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

81. Answering the allegations in paragraph 81, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

82. Answering the allegations in paragraph 82, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

83. Answering the allegations in paragraph 83, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

### TENTH CLAIM FOR RELIEF (WRONGFUL TERMINATION)

84. Answering the allegations in paragraph 84, Cross-Defendants refer to and incorporate by reference each and every response and allegation contained in paragraphs 1 through 83 of this Answer as thought fully set forth herein.

85. Answering the allegations in paragraph 85, Cross-Defendants deny all allegations therein.

86. Answering the allegations in paragraph 86, Cross-Defendants deny all allegations therein.

87. Answering the allegations in paragraph 87, Cross-Defendants admit that Rosselli filed a claim for workers' compensation based on an injury that allegedly occurred on December 8, 2015. Cross-Defendants deny all other allegations in paragraph 87 of the Cross-Complaint.

88. Answering the allegations in paragraph 88, Cross-Defendants deny all allegations therein.

89. Answering the allegations in paragraph 89, Cross-Defendants deny all allegations therein.

90. Answering the allegations in paragraph 90, Cross-Defendants deny all allegations therein.

91. Answering the allegations in paragraph 91, Cross-Defendants lack information and belief sufficient to admit or deny the allegations in paragraph 91 of the Cross-Complaint

and on that basis deny them. Cross-Defendants deny that there was any contract between Rosselli and Cross-Defendants. Cross-Defendants deny that there was any contract between Rosselli and Nakoma.

92. Answering the allegations in paragraph 92, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

93. Answering the allegations in paragraph 93, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

94. Answering the allegations in paragraph 94, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein.

## PRAYER FOR RELIEF

95. Answering the allegations in paragraph 1 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

96. Answering the allegations in paragraph 2 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

97. Answering the allegations in paragraph 3 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

98. Answering the allegations in paragraph 4 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

99. Answering the allegations in paragraph 5 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein

and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

100. Answering the allegations in paragraph 6 of the prayer for relief, Cross-Defendants deny each and every factual allegation and/or conclusion of law contained therein and further deny that Cross-Claimants are entitled to any relief whatsoever from Cross-Defendants.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Cross-Complaint herein, Cross-Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

1. The Cross-Complaint and each of the purported claims for relief contained therein fails to state facts sufficient to constitute a claims for relief against Cross-Defendants.

## SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

2. The purported damages sought by Cross-Claimants in this action were proximately caused by Cross-Claimants' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

3. By reason of Cross-Claimants' conduct, Cross-Claimants have waived their right to assert each and all of the claims contained in the Cross-Complaint.

## FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

4. By reason of Cross-Claimants' conduct, Cross-Claimants are estopped from asserting each and every claim contained in the Cross-Complaint against Cross-Defendants.

## FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

5. Cross-Claimants are barred from obtaining the relief sought in the Cross-

Complaint, or any other relief whatsoever, because Cross-Defendants' conduct of which Cross-Claimants now complains, was justified and a result of Cross-Defendants' exercise of sound and legitimate business judgment.

### SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

6. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any other relief whatsoever, because they are guilty of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

7. Cross-Claimants have delayed an unreasonable period of time in bringing this action, which has resulted in prejudice to Cross-Defendants' ability to defend against the claims asserted by Cross-Claimants. Said delay serves as a bar to the action based upon the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

8. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, because at all times relevant to the Cross-Complaint, Cross-Defendants acted in good faith and had reasonable grounds for believing that their actions complied with applicable statutes, regulations, or other laws.

### NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

9. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, based on the statute of frauds doctrine.

### TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

10. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, as any obligation to perform on the part of Cross-Defendants, as alleged in the Cross-Complaint, was released by Cross-Claimants.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

11. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, because the conduct of which Cross-Claimants now complains was ratified by Cross-Claimants' words, conduct, and/or actions.

### TWELFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

12. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, as any obligation to perform on the part of Cross-Defendants, as alleged in the Cross-Complaint, was excused and/or discharged.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

13. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, because any recovery by Cross-Claimants would serve to frustrate the purpose of the relevant agreements alleged by Cross-Claimants in the Cross-Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

14. Cross-Defendants are excused from any failure to perform the alleged contract because Cross-Claimants failed to perform all conditions precedent.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

15. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint by virtue of the fact that any loss or damage sustained by Cross-Claimants was caused solely and proximately by the conduct, errors, faults, negligence, omissions, and breaches of obligations by persons or entities other than Cross-Defendants.

///

///

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

16. The Cross-Complaint and each of the claims for relief alleged therein against Cross-Defendants is barred by Cross-Claimants' own breach of contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

17. Cross-Defendants are informed and believe, and thereon allege, if any contracts, obligations, or agreements were entered into by Cross-Defendants, as alleged in the Cross-Complaint, any duties of performance by Cross-Defendants thereunder were excused by reason of unilateral and/or mutual mistake, lack and/or failure of consideration, waiver, non-occurrence and/or breach of a condition precedent, material breach by Cross-Claimants, impossibility of performance, prevention of performance by Cross-Claimants, frustration of purpose, and/or acceptance by Cross-Claimants, thus barring any recovery by Cross-Claimants as against Cross-Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

18. Cross-Claimants are barred from recovery on the Cross-Complaint by reason of the doctrine of accord and satisfaction.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

19. Cross-Claimants are barred from recovery on the Cross-Complaint because Cross-Claimants violated the implied covenant of good faith and fair dealing.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

20. Cross-Defendants are informed and believe, and based thereon allege, that Cross-Claimants have not suffered any damages as a result of any conduct or omission attributable to Cross-Defendants.

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

21. Cross-Claimants' Cross-Complaint fails to state facts sufficient for an award of attorneys' fees against Cross-Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

22. Any recovery on the Cross-Complaint, or on any purported claims for relief alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Cross-Claimants failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

23. The Cross-Complaint, and each purported claims for relief alleged therein, is barred in whole or in part because Cross-Claimants failed to exhaust administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

24. Any recovery on the Cross-Complaint, and each purported claims for relief alleged therein, must be barred or reduced to the extent that Cross-Claimants did not exercise reasonable care and failed to take advantage of, and exhaust, the preventative or corrective opportunities provided by Cross-Defendants and/or Nakoma. Cross-Defendants exercised reasonable care to prevent and correct promptly any acts of discrimination and/or retaliation. Cross-Defendants maintain and enforce policies prohibiting discrimination, harassment, and retaliation of and against its employees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

25. Cross-Defendants allege that Cross-Defendants had legitimate, non-discriminatory reasons for their conduct.

///

weintraub tobin chediak coleman grodin
law corporation

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

26. Cross-Defendants allege that they had effective policies and practices in place to prevent the discrimination and/or retaliation that Cross-Claimants allege.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

27. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever, because the actions allegedly taken by other individuals of which Cross-Complainant now complains (which Cross-Defendants expressly deny occurred as plead, but merely state for the purpose of this affirmative defense) were outside the scope of employment and Cross-Defendants are not responsible for such conduct.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

28. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any relief whatsoever from Cross-Defendants, pursuant to California Labor Code section 2922, governing at-will employment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

29. Cross-Claimants are barred from obtaining the relief sought in the Cross-Complaint, or any other relief whatsoever, because Cross-Claimants have failed to state a claim for punitive and/or exemplary damages under California Civil Code section 3294. Without admitting that Cross-Defendants acted unlawfully towards Cross-Claimants, Cross-Defendants are informed and believe that if Cross-Defendants acted unlawfully towards Cross-Claimants (which Cross-Defendants expressly deny occurred as plead, but merely state for the purpose of this affirmative defense), that such acts were not intentionally directed towards Cross-Claimants and were not carried out with a conscious disregard for Cross-Claimants' rights. Cross-Defendants conduct as alleged in the Cross-Complaint does not constitute oppression, fraud, or malice. Thus, Cross-Claimants are not entitled to punitive damages, and

the imposition of such excessive damages is barred by the Constitutions of the United States and the State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

30. Cross-Claimants are barred by Civil Code section 47(c) because any alleged statements made by Cross-Defendant were communications by an interested person, made without malice, to other interested person(s) and/or to persons who requested the information given.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

31. Cross-Claimants are barred because any alleged statements made by Cross-Defendants were true.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

32. Cross-Claimants are barred in whole or in part because Cross-Defendants' conduct is privileged pursuant to Civil Code section 47(b).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

33. Cross-Claimants are barred because any alleged statements made by Cross-Defendants were non-actionable opinions.

### THIRTY- FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

34. Cross-Claimants are barred in whole or in part by the statute of limitations of California Code of Civil Procedure section 340(3).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, Cross-Defendants allege:

35. Because the Cross-Complaint is based on nebulous allegations and unfounded conclusions, Cross-Defendants cannot fully anticipate all applicable defenses and currently

weintraub tobin chediak coleman grodin
law corporation

have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Thus, Cross-Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Cross-Defendants pray for judgment as follows:

1. That the Cross-Complaint be dismissed and that Cross-Claimants take nothing from Cross-Defendants by reason of their Cross-Complaint;

2. That judgment be entered in favor of Cross-Defendants on all claims;

3. That Cross-Defendants recover its costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

Dated:  April 1, 2016

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

*/s/ Alden J. Parker*
By:_____
    Alden J. Parker
    Daniel C. Kim

    Attorneys for Plaintiffs and Cross-Defendants